# Exhibit "A"



# Service of Process Transmittal
01/05/2022
CT Log Number 540837506

| | |
|---|---|
| **TO:** | Donna Shavers<br>Albertson's LLC<br>PO BOX 160066, 321 MONTGOMERY RD<br>ALTAMONTE SPRINGS, FL 32716-0066 |
| **RE:** | **Process Served in Nevada** |
| **FOR:** | Albertson's LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Re: Allyson Black, Individually // To: Albertson's LLC |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # A21843981C |
| NATURE OF ACTION: | Personal Injury - Slip/Trip and Fall |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Carson City, NV |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/05/2022 at 13:44 |
| JURISDICTION SERVED : | Nevada |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 01/05/2022, Expected Purge Date: 01/10/2022 |
| | Image SOP |
| | Email Notification,  Michael McCue  Michael.McCue@safeway.com |
| | Email Notification,  Donna Shavers  donna.shavers@albertsons.com |
| | Email Notification,  Risk Management Group  RM.Claim.Support@Safeway.com |
| | Email Notification,  Carmen Rowland  Carmen.Rowland@safeway.com |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>701 S. Carson Street<br>Suite 200<br>Carson City, NV 89701<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

Page 1 of  2 / GP



# Service of Process Transmittal
01/05/2022
CT Log Number 540837506

**TO:** Donna Shavers
Albertson's LLC
PO BOX 160066, 321 MONTGOMERY RD
ALTAMONTE SPRINGS, FL 32716-0066

**RE:** **Process Served in Nevada**

**FOR:** Albertson's LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Electronically Filed
1/4/2022 7:47 PM
Steven D. Grierson
CLERK OF THE COURT

**SUMM**

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| ALLYSON BLACK, individually;<br><br>Plaintiff,<br><br>vs.<br><br>ALBERTSONS COMPANIES, INC. d/b/a VONS, a Foreign Corporation; ALBERTSON'S, LLC, a Foreign Limited Liability Company; DOE EMPLOYEE, individually; DOE MANAGER, individually; DOES I – XX, inclusive; and ROE CORPORATIONS I – XX, inclusive,<br><br>Defendants. | CASE NO.: A-21-843981-C<br>DEPT. NO.: 25<br><br><br>**SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

**ALBERTSON'S, LLC**
c/o C T Corporation System, Registered Agent
701 S. Carson St., Suite 200
Carson City, NV 89701

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.
2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.
3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:                                          CLERK OF COURT

By: /s/Ash Marie Blackburn                              By: _____
ASH MARIE BLACKBURN, ESQ.                            Deputy Clerk                    Date
Nevada Bar No. 14712                                  County Courthouse
6018 S. Ft. Apache Road, Ste. 150                     200 Lewis Avenue
Las Vegas, NV 89148                                   Las Vegas, NV 89155
*Attorney for Plaintiff*

MAINOR WIRTH, LLP
6018 S. Ft. Apache Rd., Ste. 150, Las Vegas, NV 89148
Phone: (702) 464-5000 | Fax: (702) 463-4440

Page 1 of 1

Electronically Filed
11/10/2021 2:17 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
BRADLEY S. MAINOR, ESQ.
Nevada Bar No. 7434
JOSEPH J. WIRTH, ESQ.
Nevada Bar No. 10280
ASH MARIE GANIER, ESQ.
Nevada Bar No. 14712
JOSEPH W. GUINDY, ESQ.
Nevada Bar No. 15556
**MAINOR WIRTH, LLP**
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
Tel: (702) 464-5000
Fax: (702) 463-4440
ash@mwinjury.com
*Attorneys for Plaintiff*

CASE NO: A-21-843981-C
Department 25

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ALLYSON BLACK, individually; | CASE NO.: |
| Plaintiff, | DEPT. NO.: |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ALBERTSONS COMPANIES, INC. d/b/a VONS, a Foreign Corporation; ALBERTSON'S, LLC, a Foreign Limited Liability Company; DOE EMPLOYEE, individually; DOE MANAGER, individually; DOES I – XX, inclusive; and ROE CORPORATIONS I – XX, inclusive, | |
| Defendants. | |

Plaintiff, ALLYSON BLACK, by and through her attorneys of record, BRADLEY S. MAINOR, ESQ., JOSEPH J. WIRTH, ESQ., ASH MARIE BLACKBURN, ESQ., and JOSEPH W. GUINDY, ESQ. of MAINOR WIRTH, LLP, hereby complains and alleges against Defendants, and each of them, as follows:

///

///

Page 1 of 10

**I.**

**PARTIES AND JURISDICTION**

1. Plaintiff ALLYSON BLACK (hereinafter "BLACK") is, and at all relevant times herein was, a resident of Clark County, State of Nevada.

2. Based upon information and belief, Plaintiff hereby alleges that Defendant ALBERTSONS COMPANIES, INC. d/b/a VONS (hereinafter "ALBERTSONS COMAPNIES") is, and at all relevant times herein was, a foreign corporation duly licensed and doing business in Clark County, State of Nevada.

3. Based upon information and belief, Plaintiff hereby alleges that Defendant ALBERTSON'S, LLC (hereinafter "ALBERTSON'S") is, and at all relevant times herein was, a foreign limited liability company duly licensed and doing business in Clark County, State of Nevada.

4. Based upon information and belief, Plaintiff hereby alleges that Defendant DOE EMPLOYEE is, and at all relevant times herein was, a resident of the County of Clark, State of Nevada. Upon information and belief, DOE EMPLOYEE was acting in the course and scope of his/her employment with Defendant ALBERTSONS COMPANIES and/or ALBERTSON'S with job duties and responsibilities that included, but were not limited to: cleaning, maintaining, sweeping, and stocking the area where Plaintiff slipped and fell; and staying reasonably and adequately informed and updated about Defendant ALBERTSONS COMPANIES and/or ALBERTSON'S safety measures and precautions, as well as any ongoing actual and potential hazards in and around the area where Plaintiff fell, in order to promptly address and remedy any debris, spills, and/or hazards that could cause injury. Defendant DOE EMPLOYEE held this position and these job duties and responsibilities with the knowledge and consent at the direction of Defendant ALBERTSONS COMPANIES and/or ALBERTSON'S at the time of the subject incident leading to Plaintiff's injuries, so that Defendant ALBERTSONS COMPANIES and/or ALBERTSON'S is vicariously liable for Defendant DOE EMPLOYEE's actions and omissions at all relevant times under the doctrine of *respondeat superior*.

5. Based upon information and belief, Plaintiff hereby alleges that Defendant DOE MANAGER is, and at all relevant times herein was, a resident of the County of Clark, State of Nevada. Upon information and belief, DOE MANAGER was acting in the course and scope of his/her employment with Defendant ALBERTSONS COMPANIES and/or ALBERTSON'S, with job duties and responsibilities that included, but were not limited to: being an assistant manager, department manager, and/or other type of supervising/managing employee or agent of Defendant ALBERTSONS COMPANIES and/or ALBERTSON'S; cleaning, maintaining, sweeping, and stocking the area of ALBERTSONS COMPANIES and/or ALBERTSON'S assigned to him/her, which included the area where Plaintiff slipped and fell; overseeing, supervising, and providing training and/or direction to Defendant ALBERTSONS COMPANIES and/or ALBERTSON'S employees in the subject area to ensure that employees were performing their job duties and responsibilities as to cleaning, sweeps, maintenance, stocking products, and other duties in an appropriate, reasonable, and safe manner for ALBERTSONS COMAPNIES and/or ALBERTSON'S customers and the employees themselves; enforcing and ensuring compliance with Defendant ALBERTSONS COMAPNIES and/or ALBERTSON'S policies and procedures regarding cleaning, maintenances, sweeps, stocking products, and safety measures and precautions in and around the area where Plaintiff slipped and fell, as well as disciplining employees for non-compliance and violations of Defendant ALBERTSONS COMAPNIES and/or ALBERTSON'S policies and procedures, and for not performing job duties and responsibilities; assigning a reasonable and adequate number of employees to keep the area where Plaintiff fell in clean, stocked, and safely maintained; staying reasonably and adequately informed and updated about Defendant ALBERTSONS COMAPNIES and/or ALBERTSON'S safety measures and precautions, as well as any ongoing actual and potential hazards in and around the area where Plaintiff fell, in order to promptly address and remedy any debris, spills, and/or hazards that could cause injury; and performing this job position, duties and responsibilities, *infra*, with the knowledge and consent and at the direction of Defendant ALBERTSONS COMPANIES and/or ALBERTSON'S at the time of the subject incident leading to Plaintiff's injuries, so that Defendant

ALBERTSONS COMAPNIES and/or ALBERTSON'S is vicariously liable for DOE MANAGER's actions and omissions at all times under the doctrine of *respondeat superior*.

6. That the true names and capacities, whether individual, corporate, associates, co-partnership, or otherwise of Defendants, DOES I through XX, and ROE CORPORATIONS I through XX, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Based upon information and belief, Plaintiff hereby alleges that each of the Defendants designated as DOES I through XX and ROE CORPORATIONS I through XX are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as alleged herein. The legal responsibility of said Defendants DOES I through XX and ROE CORPORATIONS I through XX arises out of, but is not limited to, their status as owners, employees, managers, contractors, and/or installers, etc. and their maintenance, entrustment, construction, installation, and/or service of the premises and/or the subject flooring within the premises, which Defendants, and each of them, were maintaining, controlling, constructing, installing, etc. at the time of the subject injury, or prior to, and/or their agency, master/servant or joint venture relationship with said Defendants. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants, and when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

7. Based upon information and belief, Plaintiff hereby alleges that at all relevant times, each of the Defendants, including such fictitiously named Defendants, were the agents and employees of each of the remaining Defendants and were at all times mentioned, acting within the course and scope of that agency and employment. Each of the Defendants authorized and ratified the acts of the remaining Defendants.

8. Defendants are jointly and severally liable for causing and/or contributing to the creation of the subject dangerous condition, to wit: a foreign substance on Defendants' floor, and for causing and/or contributing to Plaintiff's injuries, treatment, and damages pursuant to NRS 41.130 and other Nevada law.

9. That all the facts and circumstances that give rise to the subject lawsuit occurred at 45 E. Horizon Ridge Parkway, Henderson, Nevada 89002 within Clark County, State of Nevada.

## II.

## **STATEMENT OF FACTS**

10. On or about December 8, 2019, Defendants ALBERTSONS COMPANIES, INC. d/b/a VONS, ALBERTSON'S LLC, DOE EMPLOYEE, DOE MANAGER, DOES I through XX, and/or ROE CORPORATIONS I through XX were the owners and/or operators of a certain Vons grocery store, located at 45 E. Horizon Ridge Parkway, Henderson, Nevada 89002 (hereinafter "the subject premises").

11. On or about December 8, 2019, Plaintiff BLACK was a business invitee and/or guest of Defendants and was legally upon the subject premises at the time of the subject incident complained of herein.

12. On or about December 8, 2019, Plaintiff BLACK entered the subject premises and proceeded though the deli section in the front left area of the grocery store. As Plaintiff BLACK walked past the free-standing cooler with cheese, she slipped on an unknown liquid substance and fell to the ground, landing on her right knee.

13. Upon information and belief, Defendant DOE EMPLOYEE and/or DOE MANAGER had notice of the dangerous condition prior to Plaintiff BLACK's fall, but failed to remove the substance and/or place warning signs around said area.

14. The dangerous condition on the premises caused Plaintiff BLACK to slip and fall to the ground.

15. Plaintiff BLACK sustained substantial bodily injuries as a result of the subject incident.

///

///

///

///

## III.

## FIRST CAUSE OF ACTION
### *(Negligence/Respondeat Superior as to all Defendants)*

16. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 15 above as if fully set forth herein.

17. At said time and place, Defendants, and each of them, owed a duty to Plaintiff to provide a safe environment and premises, and to take reasonable safety measures in the cleaning, sweeping, maintenance, stocking, and overall conditions of the floor, equipment displays, products, and general area in and around the subject location of Plaintiff's slip and fall to avoid injuries to Plaintiff.

18. Defendants breached that duty when they negligently and/or knowingly failed to clean, sweep, and/or maintain the floors, displays, premises, and overall area in and around the deli department and location of the subject incident, and/or negligently stocked the shelves, coolers and/or other containers so as to create a hazardous condition in and around the area of the subject incident, which caused injury to Plaintiff.

19. In complete disregard of their duty, Defendants negligently and/or knowingly caused a dangerous condition to exist, resulting in injury to Plaintiff.

20. Furthermore, at all times relevant herein, Defendants were liable for the negligent acts of its agents/employees, who failed to clean, sweep, and/or maintain the floors, displays, premises, and overall area in and around the deli department and location of the subject incident, and/or negligently stock the shelves, coolers and/or other containers so as to create a hazardous condition in and around the area of the subject incident, under the legal doctrine of vicarious liability/respondent superior.

21. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff BLACK was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

22. As a further and direct and proximate result of the negligence of Defendants, and each of them, Plaintiff BLACK incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

23. Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

## IV.

### SECOND CAUSE OF ACTION
*(Premises Liability as to Defendants ALBERTSONS COMPANIES, ALBERTSON'S, DOES I through XX and/or ROE CORPORATIONS I through XX)*

24. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 23 above as if fully set forth herein.

25. On or about December 8, 2019, it was the duty of Defendants ALBERTSONS COMPANIES, ALBERTSON'S, DOES I through XX and/or ROE CORPORATIONS I through XX to use reasonable care and diligence to keep and maintain the subject premises in a condition reasonably safe for its intended use and free from all defects and conditions that would render it dangerous and unsafe for Plaintiff BLACK or present an unreasonable risk of harm during her lawful use of the subject premises.

26. It was the duty of Defendants to exercise reasonable care to protect Plaintiff BLACK by inspection and other affirmative acts from the danger of reasonably foreseeable injury occurring from her lawful use of the subject premises.

27. It was the duty of Defendants to have available sufficient personnel and equipment to properly inspect and maintain the flooring of the subject premises so as to keep it in a condition reasonably safe for Plaintiff BLACK and free from defects and other conditions rendering it unsafe.

28. It was the duty of Defendants to warn Plaintiff BLACK of the dangerous and unsafe condition then existing upon the subject premises.

29. Defendants breached their duty by negligently failing to control, supervise, repair,

clean, and maintain the subject premises and further failing to warn Plaintiff BLACK of hazards which resulted in her injury.

30. The resulting injuries to Plaintiff BLACK were caused by the negligence and carelessness of Defendants, who failed to utilize reasonable care in the inspection and/or maintenance of the subject premises, and the aforesaid acts of negligence were the proximate cause of the injuries sustained by Plaintiff.

31. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff BLACK was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

32. As a further and direct and proximate result of the negligence of Defendants, and each of them, Plaintiff BLACK incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

33. Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

IV.

**THIRD CAUSE OF ACTION**
*(Negligent Hiring, Training, Retention and Supervision as to all Defendants)*

34. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 33 above as if fully set forth herein.

35. Defendants ALBERTSONS COMPANIES, INC. d/b/a VONS, ALBERTSON'S, DOES I through XX and/or ROE CORPORATIONS I through XX owed Plaintiff a duty to utilize reasonable application, screening, and hiring processes for all its employees to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

36. Defendants breached their duty by failing to utilize reasonable application, screening, and hiring processes for its employees and such breach resulted in Defendants

employing individuals without the necessary ability, knowledge, or skill to ensure that safety measures were in place to protect its patrons.

37. Defendants owed Plaintiff a duty to reasonably train their employees to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

38. Defendants breached their duty to reasonably train their employees to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

39. Defendants owed Plaintiff a duty to reasonably supervise their employees to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

40. Defendants breached their duty to reasonably supervise their employees to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

41. Defendants owed Plaintiff a duty to discharge or terminate their employee(s), who Defendants knew or reasonably should have known, was/were unfit to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

42. Defendants breached their duty to discharge or terminate their employee(s), who Defendants knew or reasonably should have known, was/were unfit to perform the necessary job functions and ensure that safety measures were in place to protect its patrons.

43. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff BLACK was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, aggravating to her general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

44. As a further and direct and proximate result of the negligence of Defendants, and each of them, Plaintiff BLACK incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment

45. Plaintiff has been required to retain the services of MAINOR WIRTH, LLP to prosecute this action and is entitled to reasonable attorneys' fees and costs incurred herein.

V.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. General and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);
2. Special damages in excess of Fifteen Thousand Dollars ($15,000.00);
3. Damages for cost of medical care and treatment and costs incidental thereto;
4. Lost wages and loss of earning capacity;
5. For reasonable attorney fees, costs of suit and interest incurred herein; and
6. For such other and relief as the Court deems just and proper.

DATED this 10th day of November, 2021.

MAINOR WIRTH, LLP

/s/ Ash Marie Blackburn

ASH MARIE BLACKBURN, ESQ.
Nevada Bar No. 14714
JOSEPH W. GUINDY, ESQ.
Nevada Bar No. 15556
6018 S. Fort Apache Road, Ste. 150
Las Vegas, NV 89148-5652
*Attorneys for Plaintiff*