UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLYSON BLACK,<br><br>                              Plaintiff(s),<br><br>      v.<br><br>ALBERTSONS COMPANIES, INC., et al.,<br><br>                              Defendant(s). | Case No. 2:22-CV-358 JCM (DJA)<br><br>ORDER |

Presently before the court is plaintiff Allyson Black's ("Black") motion to remand. (ECF No. 6).  Defendants Albertsons Companies, Inc. d/b/a Vons and Albertson's LLC (collectively "Albertsons") filed a response (ECF No. 7), to which Black replied (ECF No. 11).

**I.      Background**

On December 8, 2019, Black, while shopping at a Vons grocery store, slipped and fell on an unknown liquid substance and sustained injuries.  (EFC No. 1-3).  On November 10, 2022, Black filed a complaint in the Eighth Judicial District Court in Clark County, Nevada.  (*Id.*)  Black asserted three claims against Albertsons in its corporate capacity, and against unnamed Doe employee and Doe manager of the grocery store in their individual capacities.  (ECF No. 1-3 at 6–9).  Albertsons was properly served on January 6, 2022.  (ECF No. 6-1).  Black has been unable to serve Doe employee and Doe manager.  (ECF No. 6 at 3).

Black's initial complaint alleged compensatory and special damages in combined excess of $30,000.  (ECF No. 1-3).  Three months after filing her initial complaint however, Black filed a petition for exemption from arbitration, which alleged damages of $94,869.23.  (ECF No. 1-6).  A week following notice of this petition, Albertsons removed this matter to

**James C. Mahan**
**U.S. District Judge**

this court on the basis of complete diversity between the parties and an amount in controversy in excess of $75,000.  (ECF No. 1).

Black now moves to remand this matter back to state court because she alleges that defendants Doe employee and Doe manager, once identified, will share state citizenship with Black, thus destroying diversity and precluding this court's jurisdiction.  (ECF No. 6).

**II.     Legal Standard**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court."  *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)).  Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)).  Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove."  *Id.* at 1251.

A plaintiff may challenge removal by timely filing a motion to remand.  28 U.S.C. § 1447(c).  On a motion to remand, the removing defendant must overcome the "strong

**James C. Mahan**
**U.S. District Judge**

presumption against removal jurisdiction" and establish that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

**III.   Discussion**

Black's three causes of action—negligence, premises liability, and negligent supervision—are claims that arise under Nevada state law. Therefore, federal jurisdiction would be appropriate only if (1) the amount in controversy is in excess of $75,000 and (2) the parties are citizens of different states. 28 U.S.C. § 1332(a). Here, the parties do not dispute the amount in controversy. (*See* ECF Nos. 1-6 at 3; 1 ¶ 8). Consequently, jurisdiction rests on complete diversity of the parties.

Black, the sole plaintiff, is a citizen of Nevada. (ECF No. 1-3, ¶ 1). Defendant Albertsons is incorporated in Delaware and its headquarters and principal place of business are in Idaho. (ECF No. 1 ¶ 2). Black asserts that once the identities of Doe employee and Doe manager are revealed, it is presumable that these unnamed defendants will be citizens of Nevada since they are employees of a Nevada grocery store, thereby destroying diversity and precluding federal jurisdiction. (ECF No. 6 at 6:1-6). The issue is whether the unnamed Doe defendants should be disregarded for purposes of establishing diversity.

Albertsons implies that Black's allegations against Doe employee and Doe Manager are so non-specific that the Doe defendants have been fraudulently joined to create a non-diverse defendant to preclude federal jurisdiction. (*See* ECF No. 7 at 3 and 7).

"[J]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (internal quotations omitted). Courts in the Ninth Circuit generally presume against the presence of fraudulent joinder. *Id.* (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

**James C. Mahan**
**U.S. District Judge**

Black's allegations specific to Doe employee and Doe manager include their actions, duties, responsibilities, and omissions. (ECF No. 1-3). While this court declines to state whether Black sufficiently pled a valid cause of action against Doe employee and Doe Manager, the allegations are not merely conclusory and are specific enough to present a possible claim for relief against them.[1]

Until the court knows the identity (and citizenship) of the Doe defendants, it cannot adequately determine whether this court has proper diversity jurisdiction under 28 U.S.C. § 1332. Consequently, the court resolves this ambiguity in favor of remand.

Discovery in state court could bear out that Doe defendants are Nevada citizens with a proper cause of action against them, thereby precluding federal jurisdiction. Conversely, state discovery could reveal that Doe defendants were improperly joined, at which point the case would become removable. In any event, removal at this point would be improper.

In sum, the court finds that Albertsons has not proven by clear and convincing evidence that Doe defendants were fraudulently joined. *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Therefore, diversity jurisdiction is not apparent, and Albertsons has not overcome the strong presumption against removal.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Black's motion to remand (ECF No. 6) be, and the same hereby is, GRANTED.

DATED July 1, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Ninth Circuit has held that if there is even a possibility that a Nevada state court could find that the complaint states a claim for relief against the allegedly fraudulently joined defendant, the court must remand the case. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044–46 (9th Cir. 2009).

**James C. Mahan**
**U.S. District Judge**

- 4 -